C. H. & L. J. McCORMICK, PLAINTIFFS IN ERROR, v. C. S. DEMARY, DEFENDANT IN ERROR.

1. **Master and Servant:** DISCHARGE FROM EMPLOYMENT: INTOXICATION A JUSTIFIABLE GROUND. A master has the right, independently of an agreement to that ̇effect, to discharge his hired servant when, by intoxication, he unfits himself for the full and proper performance of all his ̇duties.

2. **Evidence:** LETTERS FROM AGENT, AND CONVERSATIONS HAD WITH HIM, COMPETENT AGAINST THE PRINCIPAL. Letters written by the authorized agent of the employer, and conversations had with him on the subject of the employment, are competent evidence against the principal to prove the contract.

ERROR to the district court of Cuming county. Tried below before BARNES, J. Verdict and judgment for plaintiff, and the McCormicks, who were defendants, come here upon a petition in error.

*Crawford & McLaughlin,* for plaintiffs in error, cited 2 Parsons' Contracts, 35, and note *f,* 5th ed. *Wilson v. Church,* 3 Cent. Law Journ., 440. *Sutherland v. Wyer,* 67 Maine, 64. *Howard v. Daly,* 61 N. Y., 362.

*R. F. Stevenson,* for defendant in error, cited *Huntington v. O. & L. C. R. R.,* 7 Am. Law Reg. (N. S.), 143. *Fowler v. Armour,* 24 Ala., 194. *Thompson v. Wood,* 1 Hilton, 93. *Taylor v. Read,* 4 Paige, 572. *Costigan v. Mohawk R. R. Co.,* 2 Denio, 616. *Gordon v. Brewster,* 7 Wis., 355. 13 Eng. C. L., 444. 2 East., 145. 2 Eng. C. L., 354.

LAKE, J.

The petition in this case was framed as for the recovery of wages due on a contract of hiring. In reality, however, it was for the recovery of damages occasioned by an alleged breach of such contract by the

employer, and the trial was conducted mainly upon this theory.

In the answer, the hiring and discharge are substantially admitted as alleged in the petition. The discharge from employment, however, is justified on the ground that Demary first broke the contract by using intoxicating drinks. And, as an additional defense, it is alleged that at the time of the discharge the parties had an amicable final settlement of the whole matter. These defenses are put in issue by the reply.

As to the alleged agreement to abstain from the use of intoxicating liquors while so employed, the evidence is not clear nor at all satisfactory. But that Demary did, at various times while in the service of his employers, use them to excess, and so as to unfit himself in a measure for the proper performance of his duties, is, we think, overwhelmingly established by the evidence.

It is wholly immaterial, however, whether the contract contained such a provision or not, for it is unquestionably the right of an employer, independently of any agreement to that effect, to discharge a hired servant who, by intoxication, unfits himself in any degree for the full and proper performance of all his duties. We are of the opinion that the discharge was fully justified by the evidence, and that the verdict ought to be set aside.

It is claimed that the court erred in the admission in evidence of a letter written by H. R. Gould, the general agent of the defendants, to the plaintiff. There was no error in this. The letter was material and competent, as tending to make more definite, what perhaps already sufficiently appeared, that the agreed wages were thirty-five dollars per month. And the same is true of the next objection, which relates to a conversation on the subject of the employment that

took place between the plaintiff and said Gould. This man Gould was the general agent of the defendants for the sale of their machinery in Northern Nebraska, and was authorized to employ servants for them in carrying on the business. Whatever he did in and about the business was the same as if done personally by the McCormicks themselves. This conversation, therefore, was clearly admissible.

Several other errors are assigned, concerning the admission and rejection of testimony, but as they are quite unimportant and of no special interest, we shall omit to notice them here.

REVERSED AND REMANDED.